# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, JOHN A. WAGNER, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, MILTON JONES, JON K. MCPHERSON, RICHARD D. COX, DAN DOSENBACH, JASON PARADIS, and GENEROSO DEL ROSARIO** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **18861 90th Avenue, Suite A** **Mokena, IL 60448** | ) ) ) | **Case No. 20-cv-4650** |
| **Plaintiffs,** **v.** | ) ) ) ) | |
| **ALLFRESH FOOD PRODUCTS, INC.,** | ) ) | |
| **and** | ) ) | |
| **FOOD CORPORATION OF AMERICA** **2156 Green Bay Road** **Evanston, Illinois** | ) ) ) ) | |
| **Serve: Steve Wadhwa** **2156 Green Bay Road** **Evanston, Illinois 60201** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## COMPLAINT

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Allfresh Food Products Inc. ("Allfresh") and Food Corporation of America ("FCA") (collectively, "Defendants") as follows:

**Introduction**

1.     This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*., and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185.  Plaintiffs seek a judgment against Defendants for withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

**Jurisdiction and Venue**

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

**Parties**

4.     The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5.     Plaintiffs Anthony M. Perrone, John A. Wagner, Kenneth R. Boyd, Carl Ivka, Robert A. Blair, Timothy Melia, Milton Jones, Jon K. McPherson, Richard D. Cox,  Jason Paradis, Dan Dosenbach, and Generoso Del Rosario are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).  The Fund is administered in Mokena, Illinois.

6.     Defendant Allfresh is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).  Upon information and belief, Allfresh is a corporation organized under the laws of the State of Illinois with a principal place of business in Evanston, Illinois.

7.     Upon information and belief, FCA is a corporation organized under the laws of the State of Illinois with a principal place of business in Evanston, Illinois.

## Governing Documents

8.     At all times relevant to this action, Allfresh employed employees who were represented for the purposes of collective bargaining by United Food and Commercial Workers International Union No. 1546 ("Local 1546"), a labor organization representing employees in an industry affecting interstate commerce.

9.     At all times relevant to this action, Allfresh was bound by Collective Bargaining Agreements ("CBAs") obligating Allfresh to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

10.     Under the CBAs, Allfresh agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Allfresh to submit monthly pension contributions to the Fund.

11.     Allfresh was also party to an Employer Participation Agreement with the Fund ("Participation Agreement") at all times relevant to this action.  The terms of the Participation Agreement obligated Allfresh to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

**Factual Allegations**

12.     The Fund determined that in the Plan Year ended June 30, 2020, Allfresh effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383 ("2018 Partial Withdrawal").

13.     The Fund determined that as a result of the 2020 Complete Withdrawal, Allfresh incurred withdrawal liability to the Fund in the amount of $184,872.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

14.     On or about March 11, 2020, the Fund issued a Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

15.     This Notice and Demand for payment informed Allfresh that its total withdrawal liability from the 2020 Complete Withdrawal was $184,872.00, payable in 80 quarterly installments of $2,620.00. The Notice and Demand stated the first quarterly payment was due on April 1, 2020.

16.     By letter dated May 27, 2020, the Fund notified Allfresh that it was delinquent in making its first quarterly withdrawal liability payment and that it had 60 days from receipt of the letter to cure the delinquency or it would be in default within the meaning of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A). Under the Fund's Withdrawal Liability Rules, the Fund may accelerate the occurrence of a default if there is a substantial likelihood that the Employer will be unable to satisfy its withdrawal liability obligations.

17.     Neither Allfresh nor any other trade or business under common control cured the delinquent withdrawal liability installment payment by the deadline of July 26, 2020. Therefore, because Allfresh was in default, the entire amount of the withdrawal liability, plus accrued interest, became due and owing under ERISA Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

18.     Neither Allfresh nor any other trade or business under common control requested plan sponsor review or arbitration of the withdrawal liability assessment within the time periods specified in Sections 4219(b)(2)(A) and 4221(a)(1) of ERISA, 29 U.S.C. §§ 1399(b)(2)(A) and 1401(a)(1), foreclosing any challenge to the Fund's assessment and fixing the amounts due.

## COUNT I: WITHDRAWAL LIABILITY

19.     Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

20.     ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

21.     Allfresh is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and 29 C.F.R. § 4219.33, and the entire unpaid balance of the withdrawal liability, plus interest, is now due and owing.

22.     Accordingly, pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Allfresh is liable for withdrawal liability in the amount of $184,872.00; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability in the amount of at least $36,974.40 and attorneys' fees and costs incurred by the Fund in pursuing this action.

## COUNT II: CLAIM FOR CONTROLLED GROUP WITHDRAWAL LIABILITY

23.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

24.     Upon information and belief, discovery will show that Defendant FCA is an entity under common control with Allfresh within the meaning of Internal Revenue Code Section 414(c).

25.     As a trade or business under common control with Allfresh, FCA is jointly and severally liable for Allfresh's withdrawal liability under ERISA Section 4001(b)(1), 29 U.S.C. §1301(b)(1), and Internal Revenue Code Section 414(c).

26.     Pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399, notice of withdrawal liability assessment, default and all other notices provided under ERISA sent to one member of a controlled group constitutes notice to all trades or businesses under common control.

27.     As set forth above, the Fund provided notice to Allfresh of the withdrawal liability assessment. Neither Allfresh nor any other trades or businesses in the controlled group have paid to the Fund any of the withdrawal liability due, and FCA is now in default.

28.     ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

29.     By the foregoing conduct, FCA is now jointly and severally liable with Allfresh under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $184,872.00; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability in the amount of at least $36,974.40 and attorneys' fees and costs incurred by the Fund in pursuing this action.

### Prayer for Relief

**WHEREFORE**, Plaintiffs request the following relief:

(a)     Enter judgment against Defendants jointly and severally and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $184,872.00 in withdrawal liability;

(2) Additional interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954, accruing from the date of default until the date paid;

(3) An amount equal to the greater of the interest on the withdrawal liability or 20 percent of the withdrawal liability, in an amount of at least $36,974.40 in liquidated damages, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(4) Attorneys' fees and costs incurred by the Fund in the collection of withdrawal liability, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(b) Retain jurisdiction of this case pending compliance with its Orders; and

(c) Grant Plaintiffs such other and further relief as may be just and proper.

Dated: August 7, 2020                    Respectfully submitted,

/s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Kristina F. Salamoun, Esq. (Bar No. 89157)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700
(202) 234-8231 (facsimile)

/s/ *David Huffman-Gottschling*
David Huffman-Gottschling, Esq. (Bar No. 06269976)
Sherrie E. Voyles, Esq. (Bar No. 06242386)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3443

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20864917v1